Case Nos.
12-55396; 12-56117

In the United States Court of Appeals
For the Ninth Circuit

U.S. *ex rel*. Steven J. Hartpence,
Plaintiff--Appellant,

v.

Kinetic Concepts, Inc., *et al.,*
Defendants--Appellees.

Appeal from the United States District Court for the Central District of California
D.C. No. 08-cv-01885-GHK-AGR

U.S. *ex rel.* Geraldine Godecke,
Plaintiff--Appellant,

v.

Kinetic Concepts, Inc., *et al.*,
Defendants--Appellees.

Appeal from the United States District Court for the Central District of California
D.C. No. 2:08-cv-06403-GHK-AGR

## APPELLANTS' SUPPLEMENTAL BRIEF

Patrick J. O'Connell
Jan Soifer
Andrea D. Rose
O'Connell & Soifer LLP
98 San Jacinto Blvd.
Suite 540
Austin, Texas 78701
(512) 222-0444

Michael A. Hirst
Hirst Law Group, P.C.
200 B Street, Suite A
Davis, California 95616
(530) 756-7700

Mark I. Labaton
Oren Rosenthal
Isaacs Friedberg & Labaton LLP
555 S. Flower St.
Suite 4250
Los Angeles, California 90071
(213) 929-5550

**ATTORNEYS FOR APPELLANTS**

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................1

II.  ARGUMENT.................................................................................3

   A.  This Three-Judge Panel Can, and Should, Rule on this Appeal Because *Rockwell* Abrogated *Wang*, in the Same Way that It Abrogated *Long Island Lighting* Upon Which *Wang* was Based...........................................3

   B.  Appellees' Argument that *Rockwell* and *Wang* are Not Irreconcilable Lacks Merit. .........................................................................................9

   C.  *Schindler's Elevator*'s Footnote Is Neither Controlling Nor Instructive .......12

   D.  *Meyer* Does Not Preclude this Panel From Ruling that *Rockwell* Abrogated *Wang* ..............................................................................................15

   E.  The Issue Presented Here Is Exceedingly Important to This and Many Other Pending Cases................................................................................17

III. CONCLUSION ..........................................................................19

128085.6

# TABLE OF AUTHORITIES

## *Cases*

*Amphastar Pharm. Inc. v. Aventis Pharma SA*,
  EDCV-09-0023 MJG, 2012 WL 5512466 (C.D. Cal. Nov. 14, 2012)................23

*Associates Against Outlier Fraud v. Huron Consulting Grp., Inc.*,
  567 F. App'x 44 (2d Cir. 2014)..........................................................................3, 8

*Lair v. Bullock*,
  697 F.3d 1200 (9th Cir. 2012) ...............................................................................6

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003) .....................................................................5, 6, 21

*Rockwell Int'l Corp. v. United States*,
  549 U.S. 457 (2007)........................................................................... passim

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*,
  131 S. Ct. 1885 (2011).......................................................................... 2, 15

*The Export Group v. Reef Indus., Inc.*,
  54 F.3d 1466 (9th Cir. 1995) ...............................................................................20

*U.S. ex rel. Davis v. District of Columbia*,
  679 F.3d 832 (2012)–have held, without....................................................3, 7, 16

*United States ex rel. Dick v. Long Island Lighting Co.*,
  912 F.2d 13 (2d Cir. 1990) ................................................................ 7, 13, 17, 23

*United States ex rel. Duxbury v. Ortho Biotech Prods., L. P.*,
  579 F.3d 13 (1st Cir. 2009)..................................................................................15

*United States ex rel. Findley v. FPC–Boron Employees' Club*,
  105 F.3d 675 (D.C. Cir.1997)................................................................................7

ii

*United States ex rel. Health Outcomes Technologies v.*
   *Hallmark Health System, Inc.*,
   349 F. Supp. 2d 170 (D. Mass. 2004)....................................................22

*United States ex rel. Howard v. Lockheed Martin Corp.*,
   1:99-CV-2852007, WL 1513999 (S.D. Ohio May 22, 2007) .............................22

*United States ex rel. Mateski v. Raytheon Co.*,
   2:06-CV-3614-ODW, 2013 WL 692798 (C.D. Cal. Feb. 26, 2013)....................23

*United States ex rel. Meyer v. Horizon Health Corp.*,
   565 F.3d 1195 (9th Cir. 2009) ................................................ passim

*United States ex rel. Yannacopolous v. Gen. Dynamics*,
   457 F. Supp. 2d 854 (N.D. Ill. 2006)....................................................22

*United States v. Am.-Foreign S. S. Corp.*,
   363 U.S. 685 (1960)....................................................................4

*United States v. Huron Consulting Grp., Inc.*,
   843 F. Supp. 2d 464 (S.D.N.Y. 2012) ............................... 11, 12, 16, 17

*United States v. Lindsey*,
   634 F.3d 541 (9th Cir. 2011) ..........................................................5

*United States v. Orm Hieng*,
   679 F.3d 1131 (9th Cir. 2012) .........................................................6

*Wang v. FMC Corp.,*
   975 F.2d 1412 (9th Cir. 1992) ................................................ passim

iii

*Statutes*

31 U.S.C. § 3729 ...................................................................................2

31 U.S.C. § 3730 .................................................................. 2, 6, 7, 15, 17

31 U.S.C. § 3731 .................................................................................18

*Rules*

Fed. R. App. P. Rule 35 ...........................................................................3

iv

# I. INTRODUCTION

It is not necessary for these consolidated cases to be heard *en banc* because the Supreme Court's decision in *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007), effectively abrogated *Wang v. FMC Corp.,* 975 F.2d 1412 (9th Cir. 1992), and this Court is bound by *Rockwell*. As two other circuits have already concluded, *Rockwell* is irreconcilable with *Wang*.

Since 1986, when Congress abandoned a restrictive public knowledge test that made it virtually impossible for relators to pursue *qui tam* lawsuits, the False Claims Act ("FCA") has employed a less restrictive public disclosure bar, containing an original source exception. At issue in *Rockwell*, and here, is the application of that bar, and the exception to it, that existed prior to the statute's 2010 amendments. The public disclosure bar at issue states:

**(A)** No court shall have jurisdiction over an action . . . based upon the public disclosure of allegations or transactions . . . unless . . . the person bringing the action is an original source of the information.

**(B)** . . . "original source'" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action . . . which is based on the information.

31 U.S.C. § 3730(e)(4) (1986).[1]

---

[1] As amended in 1986 by Pub.L. 99–562, 100 Stat. 3153, enacted October 27, 1986. On March 23, 2010, the Patient Protection and Affordable Care Act made further amendments to the public disclosure bar and original source

1

The issue in *Rockwell* was whether "information on which the allegations are based" refers to information in the public disclosure or information in the relators' complaint. The Supreme Court decided that this language must mean information in the relators' complaint, and reached this conclusion based on a textual interpretation of the relevant language and a review of "the sense of matter," meaning a review of what Congress must have logically intended. 549 U.S. at 471-72.

Prior to *Rockwell, Wang* was one of three circuit opinions that had held "information on which the allegations are based" referred to information in the public disclosure, rather than information in the relator's complaint underlying the action. *See Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 131 S. Ct. 1885, 1895, n. 8 (2011). Since then, three-judge panels in other circuits–the Second Circuit in *Associates Against Outlier Fraud v. Huron Consulting Grp., Inc.*, 567 F. App'x 44 (2d Cir. 2014), and the District of Columbia Circuit in *U.S. ex rel. Davis v. District of Columbia*, 679 F.3d 832 (2012)–have held, without *en banc* review, that *Rockwell* abrogated their prior decisions. This panel should do the same.

---

exception. The 2010 amendments, which are not at issue in this case, generally made it easier for relators to pursue cases. 31 U.S.C. § 3729(e)(4).

Despite *Rockwell*, Appellees argued that *Rockwell* and *Wang* were not "irreconcilable." As discussed below, that argument is unavailing because *Rockwell* effectively abrogated *Wang*.

Appellees also argued that this Court's reference to *Wang* in *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195 (9th Cir. 2009) also meant that *Wang* was still good law. This argument, however, lacks merit because: (a) *Rockwell* undermined *Wang*'s rationale, (b) the *Meyer* panel was not asked to decide and did not consider *Rockwell*'s impact on *Wang*, and (c) the *Meyer* relators lacked standing because they had no direct and independent knowledge of the fraud, so the outcome of the *Meyer* decision was not affected by either *Rockwell* or *Wang*.

## II.    ARGUMENT

### A.  This Three-Judge Panel Can, and Should, Rule on this Appeal Because *Rockwell* Abrogated *Wang*, in the Same Way that It Abrogated *Long Island Lighting* Upon Which *Wang* was Based.

Rule 35 of the Federal Rules of Appellate Procedure discourages *en banc* proceedings, and so does well-settled case law. "*En banc* courts are the exception, not the rule. They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with the administration and development of the law of the circuit." *United States v. Am.-Foreign S. S. Corp.*, 363 U.S. 685, 689 (1960). There is no need for an *en banc*

3

panel to decide that *Wang's* hand-in-the-public-disclosure requirement is no longer

good law because the Supreme Court has issued an authoritative decision in

*Rockwell*.

A three-judge panel need not–and indeed must not–follow prior Ninth

Circuit decisions when "intervening Supreme Court authority is clearly

irreconcilable with [the Court's] prior circuit authority." *Miller v. Gammie*, 335

F.3d 889, 900 (9th Cir. 2003) (*en banc*). Indeed, this panel "must decline to follow

circuit precedent when it has been, in effect, overturned by the decision of a higher

court." *United States v. Lindsey*, 634 F.3d 541, 548 (9th Cir. 2011).

In *Miller*, this Court, sitting *en banc*, addressed the question of "when a

three-judge panel may reexamine normally controlling circuit precedent in the face

of an intervening United States Supreme Court decision." 335 F.3d at 892. The

Court held that "where the reasoning or theory of our prior circuit authority is

clearly irreconcilable with the reasoning or theory of intervening higher authority,

a three-judge panel should consider itself bound by the later and controlling

authority, and should reject the prior circuit opinion as having been effectively

overruled." *Id*. at 893.

This rule applies whenever the "intervening higher precedent must be

'clearly inconsistent' with the prior circuit precedent." *Lair v. Bullock*, 697 F.3d

1200 (9th Cir. 2012) (quoting *United States v. Orm Hieng*, 679 F.3d 1131, 1141

4

(9th Cir. 2012)).  But at the same time, the *Miller* Court stressed that the "the issues decided by the higher court need not be identical in order to be controlling." 335 F.3d at 900.  Rather, the focus should be on the *reasoning* and *analysis* in support of a holding, rather than the holding alone.  *Id*. (lower courts are "bound not only by the holdings of higher courts' decisions but also by their mode of analysis").

In this case, not only did *Rockwell* overturn *Wang's* hand-in-the-public-disclosure requirement, it is also clear that *Rockwell* is irreconcilable with this requirement.

The Supreme Court in *Rockwell* tackled the question "does the phrase 'information on which the allegations are based' refer to the information on which the *relator's allegations* are based or the information on which the *publicly disclosed allegations* that triggered the public-disclosure bar are based."  549 U.S. at 470 (emphasis in original).  The Court decided that "the 'information' to which subparagraph (B) speaks is the information upon which the relator's allegations are based."  *Id*. at 470-71.  In *Rockwell*, the Court effectively abrogated the contrary appellate holdings in *United States ex rel. Findley v. FPC–Boron Employees' Club*, 105 F.3d 675 (D.C. Cir.1997), *U.S. ex rel. Long Island Lighting v. Long Island Lighting Co*., 912 F.2d 13 (2d Cir. 1990), and *Wang*.  *Wang*, in fact, was

5

based explicitly on *Long Island Lighting*, and there are no principled distinctions between those cases.

Subsequently, a three-judge panel in the District of Columbia Circuit, recognizing that *Rockwell* abrogated its circuit's precedent, overruled *Findley*. *Davis*, 679 F.3d 832. Similarly, a three-judge Second Circuit panel in *Associates Against Outlier Fraud,* 567 F. App'x 44, affirmed a district court's holding that *Rockwell* abrogated *Long Island Lighting*. This panel should do the same.

The FCA's applicable pre-2010 "original source" provision has just two requirements: (1) that the relator have direct and independent knowledge of the information on which his allegations are based, and (2) that the relator voluntarily provide the information to the government before filing a qui tam action. 31 U.S.C. § 3730(e)(4)(B).

Nothing in this language requires a relator to have had a hand in the public disclosure to qualify as an "original source." Nevertheless, in *Wang*, this Court, following *Long Island Lighting*, added a third element to the statutory definition of an original source when it held that, "[t]o bring a *qui tam* suit, one must have had a hand in the public disclosure of allegations that are a part of one's suit." *Wang*, 975 F.2d at 1418.

Wang was a mechanical engineer who alleged that his employer, FMC Corporation, defrauded the federal government in four separate defense projects.

6

*Id*. at 1414, 1415-16. In one of the projects, the Multiple Launch Rocket System, Wang alleged that the system experienced transmission gear failure and that he had prepared a report with four recommendations for further research and analysis. *Id*. at 1417. Much of this information had been publicly disclosed in newspaper articles published before Wang filed his complaint. *Id*. The district court found that Wang was not an "original source" of the information because his knowledge was not "direct and independent." *Id*. On appeal, this Court disagreed because Wang had personal knowledge of the gear problems when he worked on trying to fix them: "The fact that someone else publicly disclosed the Bradley transmission problems does not rob Wang of what he saw with his own eyes." *Id*. at 1417.

Nevertheless, this Court ruled that Wang was not an "original source" of the information–despite meeting the statutory definition–because, the Court reasoned, "section 3730(e)(4)(A) requires a *qui tam* plaintiff to have played some part in his allegation's original public disclosure." *Id*. at 1418. In reaching this conclusion, this Court recognized that the FCA's "public disclosure" bar (31 U.S.C. § 3730(e)(4)) was not crystal clear. *Wang*, nonetheless, adopted the Second Circuit's textual interpretation, wholly relying upon the reasoning in *Long Island Lighting*, which had concluded that the statute requires a *qui tam* plaintiff to "have had a hand in the public disclosure of allegations that are a part of one's suit." *Wang*, 975 F.2d at 1418.

7

Subsequently, however, *Rockwell* held that the correct statutory, and logical, interpretation was to make the original source determination based on the information *underlining the action.* 549 U.S. at 472. Put another way, the Supreme Court held that the relator must be the "original source" of the information underlying *his own lawsuit*, not the information underlying the public disclosure. *Rockwell*, 549 U.S. at 471. As the Supreme Court explained, Congress did not intend to "link original-source status to the information underlying the public disclosure." *Id*. This holding is incompatible with *Wang*.

*Rockwell*, therefore, clarifies that the information about which the original source has "direct and independent knowledge" does not have to be the same as the information upon which the public disclosure is based. A public disclosure of a fraud may be based on information that is different from the information the relator may possess involving the same fraud. Indeed, *Rockwell* explained that situations may arise where the information upon which the public disclosure is based is unavailable (such as a reporter protecting a source) or of little value (if based on rumors), while a relator may have different information of the publicly disclosed fraud (such as eyewitness testimony or documents) of greater significance. *Rockwell*, 549 U.S. at 472. In these situations, *Wang*'s hand-in-the-public-disclosure requirement would needlessly bar legitimate and beneficial suits that Congress sought to encourage.

8

*Rockwell*'s holding, and its analysis of the "original source" provision, therefore, directly contradict the reasons articulated in *Wang*, as recognized by the Second and the District of Columbia Circuits.  It is appropriate for this Court to follow *Rockwell* and these other circuits rather than create the possibility of a divergence among the circuits on an issue that the Supreme Court has resolved.

**B. Appellees' Argument that *Rockwell* and *Wang* are Not Irreconcilable Lacks Merit**.

Appellees argued that *Wang* is still good law that can be harmonized with *Rockwell*'s holding.  This is not the case for several reasons.

First, the hand-in-the-public-disclosure test *Wang* endorsed is not reconcilable with *Rockwell*, as Judge Rakoff held in *United States v. Huron Consulting Grp., Inc.,* 843 F. Supp. 2d 464 (S.D.N.Y. 2012) *aff'd sub nom. Associates Against Outlier Fraud v. Huron Consulting Grp., Inc.,* 567 F. App'x 44 (2d Cir. 2014):

> Given Rockwell's clear rejection of the textual premise on which *Long Island Lighting* relies, however, this Court finds there is no other conclusion it can reach besides holding that *Long Island Lighting*'s third requirement has been abrogated.

*Id*. at n. 2.

Second, there is no longer a split among the circuits.  Both the District of Columbia and Second Circuits have recognized that *Rockwell* overruled existing precedent in those circuits that that is indistinguishable from *Wang*.

9

Third, during oral argument, Appellees' attempt to distinguish *Wang* from the now-rejected *Long Island Lighting* decision (upon which *Wang* was based) was misplaced. Appellees maintained that, unlike in *Long Island Lighting*, this Court in *Wang* specifically held that a relator "must have had a hand in the public disclosure of allegations *that are a part of one's suit*."[2] *Wang*, 975 F.2d at 1418. This, according to Appellees, shows that "*Wang* has always contemplated that an original source must have direct and independent knowledge of the information

_____

[2]     Appellees' stated at the hearing before this Court:

> *Wang* was based upon the information as part of that test, whether it would be information that was based upon in other words, were the action based upon. If you look at the quote I believe it was on 1418, page 1418, in *Wang*, "To bring a *qui tam* suit, one must have had a hand in the public disclosure of allegations that are a part of one's suit." In [*Long Island Lighting*] and in *Davis*, the information was based upon part of the information in the public disclosure, that's the distinction. And it is critical to this Court's consideration, I submit. So what Justice Scalia said [in *Rockwell*] was: you don't have to know about what's in the public disclosure, you might still be a qualified original source. *Wang* doesn't say you can't be. *Wang* does add something, it says you have to have a hand in the public disclosure, but it has, for the allegations that are part of one's suit. It's a subtle distinction, but it really goes to the heart of the ruling.

Audio recording for case: *United States, et al. v. Kinetic Concepts, Inc., et al.*, No. 12-55396 (available at: http://www.ca9.uscourts.gov/media/view.php?pk_id=0000013081).

10

underlying the allegations rather than the publicly-disclosed information."
Appellees' Br., Dkt. 45-1, p. 30. But this is a distinction without a difference.

*Long Island Lighting* held: "[A] plaintiff also must have directly or
indirectly been a source to the entity that publicly disclosed the *allegations on
which a suit is based*." 912 F.2d at 16 (emphasis added). *Wang*, in turn, relying
upon this opinion, held: "To bring a *qui tam* suit, one must have had a hand in the
public disclosure of *allegations that are part of one's suit*." *Wang*, 975 F.2d at
1418 (emphasis added). There is no difference between "allegations on which a
suit is based" (*Long Island Lighting*) and "allegations that are part of one's suit"
(*Wang*).

Appellees are grasping at straws. The language that Appellees argue is "a
subtle distinction, but it really goes to the heart of the ruling," represents no
distinction whatsoever. Moreover, as part of this argument, Appellees
conveniently omit the immediately-preceding two sentences in *Wang*, which recite,
and then adopt, the Second Circuit's holding in *Long Island Lighting* ("[w]e agree
with the Second Circuit"). 975 F.2d at 1418. *Wang* then proceeded to cite
approvingly to the Second Circuit's rationale for imposing an additional
prerequisite to the FCA's "original source" provision. *Id.* There is no distinction
between *Long Island Lighting* and *Wang*.

11

### C. *Schindler's Elevator*'s Footnote Is Neither Controlling Nor Instructive

Despite *Rockwell's* effective rejection of *Wang*, Appellees argued that *Rockwell* and *Wang* are not clearly irreconcilable–and that *Rockwell* did not undermine *Wang*'s rationale–because of a footnote included in the Supreme Court's decision in *Schindler Elevator Corp.*, 131 S. Ct. 1885. In footnote 8, the Supreme Court, referencing *dicta* from a First Circuit opinion, wrote: "Some Courts of Appeals have narrowly construed the exception to limit 'original sources' to those who were the cause of the public disclosure, while others have been more generous. That question is not before us, and we do not decide it." *Id.* at n. 8 (citing *United States ex rel. Duxbury v. Ortho Biotech Prods., L. P.*, 579 F.3d 13, 22 (1st Cir. 2009)). Based on this footnote, Appellees argued that had the Supreme Court sought to overrule *Wang* and cases like it, it could have clearly done so, and the fact that the Supreme Court did not do so, establishes that *Wang* has not been overruled. This argument fails for numerous reasons.

First, although the footnote cites a First Circuit opinion, the Supreme Court did not decide the issue and, in fact, was silent on it.

Second, as mentioned, "*Rockwell* explicitly rejected the specific textual premise on which *Long Island Lighting* relies, and, to that extent, partly resolved the split." *Huron,* 843 F. Supp. 2d 464 at n. 2.

Third, the so-called "split" identified by the Supreme Court in *Schindler Elevator* no longer exists. In *United States ex rel. Davis*, 679 F.3d 832, the District of Columbia Circuit eliminated the requirement that a relator prove that he voluntarily provided information of the fraud to the government prior to any public disclosure. *Id*. at 837-38. As the *Davis* made clear: ""[o]nce the information has been publicly disclosed . . . there is little need for the incentive provision by a *qui tam* action' no longer follows because *Rockwell* changed the premise." *Id*. at 838. Furthermore, "[t]he relator can be an 'original source' to the government of his information even if the publicly disclosed information came from someone else." *Id*. Indeed, "the relator's information can be different and more valuable to the government than the information underlying the public disclosure, which might be nothing more than speculation or rumors." *Id*. (citing *Rockwell*, 549 U.S. at 472). *Davis* thus held that the District of Columbia Circuit's previous holding, requiring relators to prove they provided information to the government before any public disclosure, "no longer has any textual basis, and the policy judgment upon which it relied contradicts *Rockwell*'s rationale." *Id*.

Moreover, in a decision summarily affirmed by the Second Circuit, Judge Rakoff similarly concluded that *Rockwell* undermined *Long Island Lighting*'s requirement that a plaintiff "must have directly or indirectly been a source to the entity that publicly disclosed the allegations on which a suit is based." *Huron*, 843

13

F. Supp. 2d at 471 (*quoting Long Island Lighting*, 912 F.2d at 16).  Judge Rakoff also observed that "even though the Supreme Court may not have expressly resolved that three-way split among the Courts of Appeals around the country, the Court in *Rockwell* explicitly rejected the specific textual premise on which *Long Island Lighting* relies, and, to that extent partly resolved that split."  *Huron,* 843 F. Supp. 2d 464 at n. 2.

Thus, *Wang* now stands alone in requiring that, under the original source provision applicable to this case, a relator show that he or she "must have had a hand in the public disclosure of allegations that are a part of one's suit."  *Wang*, 975 F.2d at 1418.

14

### D. *Meyer* Does Not Preclude this Panel From Ruling that *Rockwell* Abrogated *Wang*

This panel is not foreclosed from ruling that *Wang*'s hand-in-the-public-disclosure has been abrogated by *Rockwell* because no other panel in this Circuit has ever considered this issue.

Contrary to Appellees' argument, *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195 (9th Cir. 2009), is not binding on this panel. In *Meyer*, the Court, citing pre-*Rockwell* decisions, stated that, "to be an original source, a relator must satisfy an additional requirement under § 3730(e)(4)(A) that is not in the statute *in haec verba*, namely that he had a hand in the public disclosure of the allegations that are a part of his suit." 565 F.3d at 1201. *Meyer*, however conducted no analysis of whether *Wang* was viable precedent after *Rockwell*, and, after deciding the relators lacked standing for other reasons, merely recited this Circuit's precedent when it repeated the *Wang* standard.

*Meyer* did not hold that *Wang* was still good law. In fact, the panel never determined, much less analyze, that issues. The question of whether the hand-in-the-public-disclosure prong was still valid was never raised, and therefore never ruled upon in *Meyer*. The appellate briefs in *Meyer* show that neither party brought the issue to the panel's attention, and that the panel was never asked to consider whether *Rockwell* eliminated *Wang*'s underpinnings. As neither party

15

challenged *Wang*'s holding, the *Meyer* opinion cannot be read as an endorsement of *Wang*'s hand-in-the-public-disclosure requirement after *Rockwell*.

Equally significant, *Meyer* was decided on the grounds that there was no allegation or evidence that the relators had direct and independent knowledge of the defendants' alleged attempt to commit Medicare fraud. *Meyer*, 565 F.3d at 1202. The district court in *Meyer* dismissed the case for lack of subject matter jurisdiction after one relator–the one who had publicly disclosed allegations of fraud in a prior wrongful-termination suit–withdraw from the litigation. *Id*. at 1198. The *Meyer* panel found that neither of the two remaining relators qualified as original sources because neither of them showed that they had a direct and independent knowledge of the fraud alleged in the complaint. *Id*. at 1202. In other words, the relators lacked standing to litigate this *qui tam* action on behalf of the party-in-interest–the United States. The *Meyer* panel alternatively noted that relators had not established that they had a hand in the public disclosure of the allegations. *Id*. at 1202-03 (citing *Wang*, 975 F.2d at 1418). This part of the opinion, however, had no effect on the outcome of the case, and only followed the panel's conclusion that the relators had no standing and, therefore, amounted to *dicta. See*, *e.g.*, *Exp. Grp. v. Reef Indus., Inc*., 54 F.3d 1466, 1472 (9th Cir. 1995) (citing Black's Law Dictionary's definition of "dictum" as "an observation or remark . . . not necessarily involved in the case or essential to its determination").

16

Finally, the fact that *Meyer* was published after *Rockwell,* and that *Meyer* cited *Wang*, does not resuscitate *Wang*'s now-defunct holding. *Rockwell* is controlling "higher authority" that must be followed by this panel. *Miller*, 335 F.3d at 892.

## E. The Issue Presented Here Is Exceedingly Important to This and Many Other Pending Cases

In an allusion to the 2010 FCA amendments, Appellees argued that the panel's ruling here would impact only a "fairly obsolescent set of cases." Audio recording for case: *United States, et al. v. Kinetic Concepts, Inc., et al.*, No. 12-55396. To the contrary, as this case illustrates, there are substantial *qui tam* complaints that were filed prior to the 2010 amendments that remain pending or remain under investigation and under seal. The FCA allows for extending the seal period (31 U.S.C. § 3730(b)) and many cases remain under seal for years.

The Court should reject Appellees' attempt to minimize the importance of this case and others like it. Relators here, for example, allege Medicare fraud against the United States government, with actual damages that could approach $1 billion dollars. They are knowledgeable company officials who held senior executive positions over many years and who disclosed specific details of the corporation's various schemes to enrich itself at taxpayers' expense.

Neither Appellees nor Relators know the number and size of FCA cases subject to the pre-2010 law currently under seal before the district courts in this

17

circuit. There are likely to be many, as there is a six-year statute of limitations for relators' claims (31 U.S.C. § 3731(b)) and it takes many years to investigate substantial FCA cases, which remain under seal for the duration of the investigation. *See, e.g., United States ex rel. Health Outcomes Technologies v. Hallmark Health System, Inc.*, 349 F. Supp. 2d 170 (D. Mass. 2004) (suit filed on February 27, 1996, and kept under seal until August 20, 2004); *United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 857 (N.D. Ill. 2006) (relator's complaints remained under seal for over seven years); *U.S. ex rel. Howard v. Lockheed Martin Corp*., 1:99-CV-285, 2007 WL 1513999 (S.D. Ohio May 22, 2007) (case filed in 1999 and eight years later court held in camera hearing to determine whether seal should be lifted).

Moreover, as is clear from recent district court decisions, there remains much confusion about the continuing validity of *Wang* in light of *Rockwell* among the district courts in this Circuit. *See, e.g., Amphastar Pharm. Inc. v. Aventis Pharma SA*, EDCV-09-0023 MJG, 2012 WL 5512466, n. 13 (C.D. Cal. Nov. 14, 2012); *U.S. ex rel. Mateski v. Raytheon Co*., 2:06-CV-3614-ODW, 2013 WL 692798, n. 3 (C.D. Cal. Feb. 26, 2013). A clear ruling will provide guidance to the lower courts, the government, relators, and defendants, whether *Wang*'s hand-in-the-public-disclosure prerequisite should be followed.

## III. CONCLUSION

This case need not be heard *en banc* because this panel should hold that *Rockwell* effectively abrogated *Wang*'s hand-in-the-public-disclosure requirement. If, however, the Court determines that this case should be considered *en banc*, Relators respectfully submit that the *en banc* panel would benefit from this panel's opinion on the merits of this matter.

Dated:  October 2, 2014

Respectfully submitted,

ISAACS FRIEDBERG & LABATON LLP

By:       /s/ Mark I. Labaton
        Mark I. Labaton
        Oren Rosenthal

555 South Flower Street
Suite 4250
Los Angeles, California 90071
(213) 929-5550

Counsel for Appellants

**CERTIFICATE OF COMPLIANCE PURSUANT TO
FED. R. APP. P. 32(a)(7)(C) AND CIRCUIT RULE 32-1**

I certify pursuant to Fed. R. App. P. 32(a)(7)(C), Ninth Circuit Rule 32-1,

and the Court's September 11, 2014 Order that the attached Appellants'

Supplemental Brief is proportionally spaced, has a typeface of 14 points, and

contains 4,181 words.

Dated this 2nd day of October, 2014.

By:       /s/ Mark I. Labaton
             Mark I. Labaton

20

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 2, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By:       /s/ Mark I. Labaton
          Mark I. Labaton

21